```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                -v-                                                    :     20-CR-135-6 (JMF)
                                                                       :
EDGARDO BARANCO,                                                       :     SCHEDULING ORDER
                                                                       :
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 26, 2020, defense counsel submitted a letter, with a request that it be filed under seal, advising the Court about a potential conflict of interest with respect to her representation of Defendant Edgardo Baranco.  Upon review of the letter, the Court is inclined to believe that a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), should be held.  To that end, the parties shall appear on **November 17, 2020**, at **11 a.m.**  Unless and until the Court orders otherwise, the proceeding will be held in person in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

That said, counsel are directed to confer and, **within three business days of this Order**, submit a joint letter indicating their views on (1) whether the proceeding should be held in person or remotely; and (2) whether, if permitted under the Constitution, the Federal Rules, and the CARES Act, the Defendant consents to a remote proceeding.  Because Defendant is not detained, counsel should indicate whether and by what means the Defendant would be capable of participating in a remote proceeding.  After reviewing the parties' joint letter, the Court will issue an order indicating how the proceeding will be held and addressing any other relevant deadlines and information.  In case the Court has to change the date or time of the proceeding, counsel should indicate in their joint letter dates and times during the week of the scheduled proceeding that they would be

available for a proceeding, whether in person or remote. Finally, in the event of a remote proceeding, counsel should be sure to review and comply with the Court's Emergency Individual Rules and Practices in Light of COVID-19, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

In addition, **within one week of the date of this Order**, the Government shall submit a letter analyzing the potential conflict and providing its views on (1) whether the potential conflict is waivable; (2) whether the *Curcio* hearing can be held on one day or should be divided into two proceedings so that the Defendant can consider whether to waive any potential conflict before reconvening; and (3) whether the Court should appoint independent counsel to advise the Defendant with respect to this matter. (Defense counsel may, but is not required to, file a letter addressing the same issues by the same date.) The Government shall attach to its letter a "*Curcio* script" with a proposed allocution for the Court to use at the proceeding.

Finally, given the presumption in favor of public access to judicial documents, there is no basis to seal defense counsel's letter in its entirety; indeed, the Court is inclined to believe that, apart from the name(s) of any uncharged individual(s), there is no basis even to redact the letter. **Within three business days of the date of this Order**, defense counsel shall refile the letter on ECF. Before doing so, defense counsel shall confer with counsel for the Government and, if either counsel believes that redactions would be justified, defense counsel shall propose redactions in accordance with the procedures set forth in the Court's Individual Rules and Practices — including but not limited to showing cause why the redactions are justified given the presumption in favor of public access to judicial documents.

SO ORDERED.

Dated: October 30, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2